UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

November 29, 2021

LETTER TO COUNSEL

    RE:   *Mark S. v. Kijakazi*
           DLB-20-2080

Dear Counsel:

On July 16, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 13, Pl's Mem.; ECF 14, Def.'s Mem. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards and made findings supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on March 15, 2018, alleging an onset date of April 6, 2017. Administrative Transcript ("Tr.") 169. The SSA denied his claim initially and on reconsideration. Tr. 74, 89–90. An Administrative Law Judge ("ALJ") held a hearing on April 15, 2020. Tr. 31–63. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12–29. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "polysubstance abuse disorder; alcohol abuse disorder; major depressive disorder; post-traumatic stress disorder; and degenerative disc disease." Tr. 18. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except [he] would be limited to doing simple, routine, and repetitive tasks; working in a low-stress job, which

*Mark S. v. Kijakazi*
DLB-20-2080
November 29, 2021
Page 2

>  would be defined as being free of fast-paced production requirements, with no hazardous conditions; only occasional changes in work setting, occasional decision making required, would have only occasional interaction with coworkers and supervisors, but no tandem tasks; and no direct interaction with the general public.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform his past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 23–25. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 25.

On appeal, plaintiff argues the ALJ's RFC determination was legally insufficient. ECF 13-1, at 8–11. Plaintiff argues the ALJ's determination that plaintiff could engage in light work "unconscionable." *Id.* at 9. He argues the ALJ should have found more restrictive exertional limitations based on treatment notes and the opinion evidence provided by treating physician Dr. Sood. *Id.* As to his non-exertional RFC, plaintiff argues the ALJ failed to account for numerous limitations identified by Dr. Soovere, a psychiatrist who conducted a Mental Capacity Assessment. *Id.* at 10. Because plaintiff's arguments amount to a request to reweigh the evidence and substantial evidence supported the ALJ's decision, remand is unwarranted.

First, plaintiff's argument that the ALJ should have found greater limitations, generally, equates to a request that this Court reweigh the evidence. A federal court is not empowered to reweigh the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."). In this case, the ALJ discussed the evidence in the record that indicated plaintiff's physical impairments did not further erode his RFC. For example, the ALJ noted plaintiff "sought little to no medical care for [his degenerative disc disease] within the period under adjudication, and [that] physical examinations were largely normal during this period." Tr. 22. He also noted plaintiff's conservative course of treatment, which consisted of a TENS unit, and that plaintiff testified he would not accept surgery for his back pain were surgery even offered. Tr. 22. The ALJ therefore cited substantial evidence supporting his conclusion that plaintiff could engage in light work.

Plaintiff first challenges the ALJ's findings with respect to Dr. Sood's opinions about plaintiff's level of physical functioning. The ALJ found the opinions persuasive to the extent they indicated plaintiff could lift and carry 20 pounds frequently but found the remainder of the opinions unpersuasive. Tr. 23. The ALJ's findings were legally permissible and supported by substantial evidence. The ALJ reasoned Dr. Sood's opinions were poorly supported because Dr. Sood examined plaintiff just once during the relevant period and did not cite specific physical issues that would justify the extreme functional limitations identified. Tr. 23. Further, the ALJ concluded the opinions were "inconsistent with [plaintiff's] longitudinal record describing him to have normal muscle strength and tone and a normal gait." Tr. 23. He explained why he found portions of the opinion persuasive and others unpersuasive and justified the weight he gave the opinion. He also cited substantial evidence for his conclusion that the opinion was inconsistent with the

*Mark S. v. Kijakazi*
DLB-20-2080
November 29, 2021
Page 3

record. Thus, while plaintiff argues it is "convenient" for the ALJ to have found only one limitation consistent with light work persuasive, ECF 13, at 9, the ALJ's analysis makes clear he found that limitation—but not other limitations—consistent with the other evidence of record.

Plaintiff also challenges the ALJ's findings with respect to Dr. Soovere's opinions about plaintiff's non-exertional limitations. Dr. Soovere opined that plaintiff has marked or extreme limitations in every mental functioning area. The ALJ found Dr. Soovere's opinions unpersuasive. This finding was legally permissible and supported by substantial evidence. The ALJ noted Dr. Soovere did not examine plaintiff during the relevant time period. Tr. 23. He further noted there has been no objective testing that justified the extreme concentration limitations and that the longitudinal record was inconsistent with Dr. Soovere's opinion. Tr. 23. Elsewhere, the ALJ discussed plaintiff's mental limitations, observing that plaintiff's altered mental states often related to his substance use. Tr. 21–22. The ALJ thus cited substantial evidence to support his conclusion that the extreme non-exertional limitations identified by Dr. Soovere did not warrant additional RFC limitations.

Plaintiff has identified significant life challenges. Ultimately, however, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence. *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them. *See Hays*, 907 F.2d at 1456. On the record before me, I find the ALJ applied correct legal standards and made findings supported by substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 13, is denied, and defendant's motion for summary judgment, ECF 14, is granted. The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

Deborah L. Boardman
United States District Judge